IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ELEAZAR P. MENESES,<br><br>　　　　　　　Defendant. | 4:12CR3065<br><br>FINDINGS, RECOMMENDATION<br>AND ORDER |

　　　　This matter is before the court on defendant Eleazar P. Meneses' motion to dismiss the indictment, (filing no. 19). Meneses claims the government is pursuing the indictment to punish Meneses for exercising his Fifth and Sixth Amendment rights. Specifically, he argues that the federal charges were brought against him because he invoked his right to counsel during an interview with law enforcement and he refused to testify against Terry Schwark. The defendant's motion to dismiss should be denied.

STATEMENT OF FACTS

　　　　An evidentiary hearing was held on October 17, 2012. After reviewing the evidence of record, (Filing No. 26), and listening to the testimony offered by and on behalf of the defendant at the hearing, the credible evidence on defendant's motion to dismiss is as follows:

　　　　The defendant was charged in the Lancaster County, Nebraska court on April 28, 2010 with Possession of Methamphetamine greater than 28 grams, a Class IC Felony offense. He was initially represented by Carlos Monzon, and while represented by Mr. Monzon, provided a proffer interview to the Nebraska State Patrol and the Lancaster County Drug Task Force. During this interview, the defendant explained that he witnessed and worked with Terry Schwarck to sell methamphetamine.

The defendant changed counsel when he was bound over to district court, and was represented by attorney Glenn Shapiro as of December 10, 2010. The defendant entered into a cooperation plea agreement (the "Plea Agreement") with the Lancaster County Attorney's office on March 24, 2011. (Filing No. 21, at CM/ECF pp. 2-5). The Plea Agreement encompassed the information defendant provided in his proffer interview, and under the terms of the agreement, the defendant also agreed to work undercover for law enforcement to help identify and catch other distributors of methamphetamine.

The plea agreement did not mention any potential federal prosecution or assistance with developing evidence for a federal prosecution.

The defendant's plea and sentencing were held in abeyance while the defendant cooperated with law enforcement. Consistent with the terms of the plea agreement, the defendant provided information to local law enforcement officials, and he participated in undercover drug purchases and controlled buys. The defendant's cooperation led to the arrest and prosecution of Ruben Carillo Castellon in Lancaster County District Court.

In early 2011, Lancaster County prosecutor contacted Mr. Shapiro and stated the defendant had assisted the Lincoln police and defendant's cooperation was complete. Mr. Shapiro relayed this information to defendant Meneses. The law enforcement officers also advised the defendant that his cooperation was complete.

On August 31, 2011, Meneses was sentenced by the Lancaster County District Court to a term of four to six years in prison. Mr. Shapiro's representation of the defendant ended with the sentencing. The defendant began serving his sentence at the Nebraska Department of Correctional Services.

In January of 2012, Sara Fullerton, an Assistant United States Attorney, contacted Mr. Shapiro and advised Mr. Shapiro that she intended to interview the defendant in preparation

for the upcoming trial of Terry Schwark.  Mr. Shapiro was asked to provide a possible date and time for the interview.  (Filing No. 26-1).  Since Mr. Shapiro was no longer representing defendant Meneses, and he did not believe the scope of any new interview would exceed the defendant's previous cooperation, Mr. Shapiro decided not to attend the interview.   (Filing No. 26-2).

On January 27, 2012, AUSA Sara Fullerton and Investigator Steve Shellpeper of the Lincoln/Nebraska Narcotics Unit went to the Department of Corrections Diagnostic and Evaluation Center in Lincoln, Nebraska to interview Meneses.  The defendant was placed in an interview room.  AUSA Fullerton and Investigator Shellpeper asked the defendant about the transactions he witnessed and was engaged in for the sale of methamphetamine by Terry Schwark.  The defendant answered some of the questions, but when asked about the February and April of 2010 events described in the defendant's prior cooperation statement, Meneses became argumentative and refused to cooperate.  Meneses was reminded of the obligations in his state cooperation agreement.  Meneses refused to testify against Schwark. (Filing No. 21, at CM/ECF p. 9-10).  In response, AUSA Fullerton and Investigator Shellpeper stated that if the defendant was not willing to cooperate, they would see him again, and they left the room.  The entire encounter lasted no more than 20 minutes.

A federal indictment was filed against Meneses in this court on June 19, 2012 alleging he conspired with other individuals to distribute 500 grams or more of methamphetamine.  Filing No. 1.   At the time the indictment was filed, the defendant was being held at the Omaha Correctional Center (OCC).

Investigator Shellpeper and another officer went to OCC to arrest the defendant on the federal indictment.  The defendant speaks Spanish and understands a little English; the officers spoke only English.  The defendant described the conversation as follows:

3

> They say do you know me, and I say yes, I know you, you was in NSP, you can't talk to me. They said well, we are -- we go indict you to take it to the federal court.

(Filing No. 35, at CM/ECF p. 36, lines 10-12.

## LEGAL ANALYSIS

The defendant has the burden of proving prosecutorial vindictiveness. The defendant's burden is a heavy one as prosecutors have very broad discretion in determining when to bring charges. United States v. Leathers, 354 F.3d 955, 961 (8th Cir. 2004)(internal citations omitted). The defendant can meet his burden by presenting: 1) objective evidence that the prosecutor's actions were meant to punish the defendant for the exercise of a legal right; or 2) evidence establishing "a reasonable likelihood of vindictiveness, which may arise when prosecutors increase the number or severity of charges." Id. (internal citations omitted). United States v. Kriens, 270 F.3d 597, 602 (8th Cir. 2001)(internal citations omitted). Merely because a crime has been prosecuted in state court does not mean that it cannot be also be prosecuted in federal court. Kriens, 270 F.3d at 602 (citing United States v. Beede, 974 F.2d 948, 952 (8th Cir. 1992)).

It appears Meneses provided information against Terry Schwark when Meneses wanted a plea deal from the state, but either the information provided during the state cooperation was embellished or, once sentenced, Meneses was unwilling to provide "complete, truthful, and accurate information and testimony" at the upcoming federal trial against Terry Schwark. Either scenario would violate Meneses' plea agreement, (Filing No. 21, at CM/ECF p. 2 ¶¶ 1-2)), rendering the County's agreement not to prosecute Meneses "null and void." (Filing No. 21, at CM/ECF p. 3 ¶ 5(b)).

Here, the federal government, which never agreed to withhold prosecution, initiated this criminal case because it possessed facts supporting the allegations set forth in the Grand

Jury indictment against Meneses, and not to punish the defendant for exercising his Fifth Amendment right to remain silent or his Sixth Amendment right to counsel.

Accordingly,

IT IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to [28 U.S.C. § 636(b)](), that the defendant's motion to dismiss, (filing no. [19]()), be denied in its entirety.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the trial of this case is set to commence before the Honorable John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on December 4, 2012, or as soon thereafter as the case may be called, for a duration of four (4) trial days.  Jury selection will be held at commencement of trial.

November 16, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.