IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ELEAZAR P. MENESES,<br><br>　　　　　　　Defendant. | 4:12-CR-3065<br><br>TENTATIVE FINDINGS |

　　　　The Court has received the presentence investigation report in this case. There are no objections or motions for departure or variance. The defendant has, however, filed a "Motion for Federal Sentence to Commence from Plea" (filing 60). That motion will be denied.

　　　　IT IS ORDERED:

1.　　The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

　　(a)　give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

　　(b)　resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

　　(c)　impose upon the United States the burden of proof on all Guidelines enhancements;

　　(d)　impose upon the defendant the burden of proof on all Guidelines mitigators;

　　(e)　depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections that require resolution at sentencing. The defendant has filed a "Motion for Federal Sentence to Commence from Plea" (filing 60). The defendant asserts that while he is currently serving a term of imprisonment pursuant to a Nebraska state sentence, that sentence resulted from conduct that is related to the charge in this case, and he was brought into federal court by a writ of habeas corpus ad prosequendum. *See* filing 7. The defendant asks the Court to "find he was deemed to have come into federal custody at the time of the plea proceedings or direct that any federal sentence imposed be deemed to commence on May 9, 2013." Filing 60.[1]

    But under 18 U.S.C. § 3585(b), a defendant may be given credit toward his sentence for time served as the result of another charge only where that time has not been credited against another sentence. *See, Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993); *United States v. Dennis*, 926 F.2d 768, 769 (8th Cir. 1991); *see also Baker v. Tippy*, 2000 WL 1128285, at *1 (8th Cir. 2000). The Eighth Circuit has, in fact, "held unequivocally that a state prisoner who is also on detainer for federal violations should not receive credit on his federal sentence when he was given credit on the state sentence for the same period of time." *McIntyre v. United States*, 508 F.2d 403, 404 (8th Cir. 1975); *accord Kramer*, 12 F.3d at 132. Therefore, the defendant's "Motion for Federal Sentence to Commence from Plea" (filing 60) will be denied.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3)

---

[1] The defendant concedes that U.S.S.G. § 5G1.3(b) is inapplicable because the offense that was the basis of the defendant's state conviction is not the basis for an increase in the offense level of the instant offense. *See United States v. Woods*, 717 F.3d 654 (8th Cir. 2013).

business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of July, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge